**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,**

**Plaintiffs,**

**v.**

**GOULD EXCAVATING AND TRUCKING, INC., an Illinois corporation,**

**Defendant.**

FILED
MARCH 20, 2008 JH
08 CV 1644
JUDGE NORGLE
MAGISTRATE JUDGE BROWN

**Case No.:**

**COMPLAINT**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo, and Charles Ingrassia, and for their Complaint against Defendant Gould Excavating and Trucking, Inc., state:

**COUNT I**

**(Failure To Submit Benefit Contributions And To Submit To An Audit)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Gould Excavating and Trucking, Inc., (hereinafter "Gould" or the "Company") is an Illinois corporation. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the

most recent of which became effective June 1, 2006 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

      7.      The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those Funds.

      8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11. Notwithstanding the obligations imposed by the Agreement, the Individual Self-Contributor Agreements, and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to report and pay all contributions owed to Plaintiff Pension Fund from January 2008 forward, thereby depriving the Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants;

(b) failed to report and pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from January 2008 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay all contributions owed to Laborers' Training Fund from January 2008 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(d)    failed to submit its books and records to a requested audit for the period of January 1, 2003 forward.

12.    The Company's failure to submit payment of benefit contributions and submit to an audit violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

13.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement, and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Gould Excavating and Trucking, Inc.:

a.    ordering the Company to submit and pay current reports and contributions and submit the Company's books and records to an audit for the period of January 1, 2003 forward:

b.    entering judgment in sum certain in Plaintiffs' favor and against the Company on the amounts shown due and owing pursuant to the audit including unpaid contributions, interest, liquidated damages, audit costs, and Plaintiffs' attorneys' fees and costs; and

c.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure To Submit Union Dues)**

14. Plaintiffs reallege paragraphs 1 through 10 of Count I.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

16. Notwithstanding the obligations imposed by the Agreement, the Company has failed to timely submit and pay dues that were or should have been withheld from the wages of its employees performing covered work for the period of November 2007 and failed to submit and pay a portion of the amounts due for January 2008, thereby depriving the Union of income and information necessary to determine dues submission compliance.

17. Pursuant to the Agreement, Defendants are liable to the Funds for $54.88 in unpaid union dues and liquidated damages, as well as reasonable attorneys' fees and costs as the Union's collection agent and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Gould Excavating and Trucking, Inc., for the Union dues and liquidated damages owed together with all attorneys' fees and costs, and any other legal and equitable relief as the

Court deems appropriate.

March 20, 2008

Laborers' Pension Fund, et al.

By:  /s/ Patrick T. Wallace
Patrick T. Wallace

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 53 W. Jackson Blvd., Suite 550
Chicago, IL  60604
(312) 692-1540

HEADQUARTERS OF
# Construction & General Laborers' District Council of Chicago and Vicinity
Affiliated with the Laborers International Union of North America, A.F. of L.-C.I.O.
6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537
LOCALS 1, 2, 4, 5, 6, 25, 75, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092

Joseph A. Lombardo, Jr.
Secretary-Treasurer

Ernest Kumerow
President
Business Manager

## MEMORANDUM OF JOINT WORKING AGREEMENT

GOULD EXCAVATING INC

It is hereby stipulated and agreed by and between [illegible] hereinafter called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Unions 1, 2, 4, 5, 6, 25, 75, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092; and encompassing the geographical areas of the Counties of Cook, Lake, Du Page, Will, Grundy, [illegible], Kane, [illegible], and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in recognition [illegible] majority of each Employer's laborer employees, acknowledges and agrees [illegible] no good faith doubt that the Union has [illegible] majority of laborer employees. Therefore, the Union is [illegible] sole and exclusive collective bargaining [illegible] hereafter employed in the bargaining unit with respect to wages, hours and other terms and conditions of employment in [illegible].

2. The EMPLOYER affirms and adopts the Collective [illegible] agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road [illegible] Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, [illegible] Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other [illegible] the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 19[illegible], together with all amendments thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local Union [illegible] incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement [illegible] agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than [illegible] Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts [illegible] bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and considered a party to the Agreements and [illegible] creating said Trust Funds as if (he) (it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and [illegible] the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declarations [illegible] an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-adopts [illegible] contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates [illegible] said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining [illegible] at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER [illegible] agreements.

4. Employees covered by this Memorandum of Agreement [illegible] all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done [illegible] employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who [illegible] any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER's violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument [illegible] owner and management shall be fully bound by the [illegible] conditions of this Agreement. This Agreement is applicable to all [illegible] EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various collective bargaining agreements are as follows:

| Period | Rates |
|---|---|
| June 1, 1991 to May 31, 1992 | $18.[illegible] Per Hour Wages<br>$ 2.22 Per Hour Health and Welfare Fund<br>[illegible] Per Hour Pension Fund<br>$ .10 Per Hour Training Fund<br>$ .02 Per Hour M.C.I.A.F. (Or such amount as provided in local agreement.)<br>$ .01 Per Hour Chicagoland Safety Council (If applicable in local agreement.)<br>Dues Deductions are $ .20 Per hour for each hour worked unless notified of an increase. |
| June 1, 1992 to May 31, 1993 | $1.05 Per hour increase per year on June 1, 1992 thru May 31, 1993 to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.<br>M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.<br>Dues Deductions are $ .20 Per hour unless notified of an increase. |
| June 1, 1993 to May 31, 1994 | $1.05 Per hour increase per year on June 1, 1993 thru May 31, 1994, to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.<br>M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.<br>Dues Deductions are $ .20 Per hour unless notified of an increase. |
| June 1, 1994 to May 31, 1995 | $1.10 Per hour increase per year on June 1, 1994 thru May 31, 1995, to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.<br>M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.<br>Dues Deductions are $ .20 Per hour unless notified of an increase. |

All additional wage rate dues checkoff, or fringe benefit increases as negotiated after May 31, 1995 shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1991 all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Cents ($.20) for each straight-time hour worked and Twenty Cents ($.20) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written assignments from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1995 and shall continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days from the expiration date written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at Joliet this 23rd day of DEC, 19 93

ACCEPTED:

Laborers' Local Union No. 75

By Mike Staccewich

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By Ernest Kumerow
Ernest Kumerow, President Business Manager

By Joseph A. Lombardo, Jr.
Joseph A. Lombardo, Jr., Secretary-Treasurer

GOULD EXCAVATING INC

By Gerald Gould
(Name & Title)

2006 E. CASS ST. 60433
(Address)

815-722-1951
(Telephone)

TRUST FUND