**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE: CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | Case No. 08 C 1644 Honorable Judge Norgle |
| Plaintiffs, | ) ) | Magistrate Judge Brown |
| v. | ) ) | |
| GOULD EXCAVATING AND TRUCKING, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, GOULD EXCAVATING AND TRUCKING, INC., by its attorneys Allocco, Miller & Cahill P.C., answers Plaintiffs' complaint as follows:

**COUNT I**

**(Failure To Submit Benefit Contributions And To Submit To An Audit)**

1.  Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

    **ANSWER:**   Defendant admits the allegations in Paragraph 1.

2.  Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

    **ANSWER:**   Defendant admits the allegations in Paragraph 2.

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5): of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. Defendant Gould Excavating and Trucking, Inc., (hereinafter "Gould" or the "Company") is an Illinois corporation. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. The Union is a labor organization within the meaning of 29 U.S.C. § 185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June.1, 2006 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and

incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, inter alia, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

**ANSWER:** Defendant admits the allegations in Paragraph 8.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER:** Defendant admits the allegations in Paragraph 9.

10. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. Notwithstanding the obligations imposed by the Agreement, the Individual Self-Contributor Agreements, and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to report and pay all contributions owed to Plaintiff Pension Fund from January 2008 forward, thereby depriving the Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants;

(b) failed to report and pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from January 2008 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay all contributions owed to Laborers' Training Fund from January 2008 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(d)     failed to submit its books and records to a requested audit for the period of January 1, 2003 forward.

**ANSWER:**   Defendant denies the allegations in Paragraph 11(a-d).

12.    The Company's failure to submit payment of benefit contributions and submit to an audit violate Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER:**   Defendant denies the allegations in Paragraph 12.

13.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement, and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**   Defendant denies the allegations in Paragraph 13.

## COUNT II

### (Failure To Submit Union Dues)

14.    Plaintiffs reallege paragraphs 1 through 10 of Count I.

**ANSWER:**   Defendant restates its answers from Paragraphs 1 through 13 of Count I.

15.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

**ANSWER:**   Defendant admits the allegations in Paragraph 15.

16.    Notwithstanding the obligations imposed by the Agreement, the Company has failed to timely submit and pay dues that were or should have been withheld from the wages of its

employees performing covered work for the period of November 2007 and failed to submit and pay a portion of the amounts due for January 2008, thereby depriving the Union of income and information necessary to determine dues submission compliance.

      **ANSWER:**    Defendant denies the allegations in Paragraph 16.

      17.    Pursuant to the Agreement, Defendants are liable to the Funds for $54.88 in unpaid union dues and liquidated damages, as well as reasonable attorneys' fees and costs as the Union's collection agent and such other legal and equitable relief as the Court deems appropriate.

      **ANSWER:**    Defendant denies the allegations in Paragraph 17.


                                             By:    /s/ Todd A. Miller
                                                     Attorney for Defendant

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 N. Paulina Street
Chicago, Illinois 60657
(773) 868-4841

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, Answer to Plaintiffs' Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 21st day of July, 2008, which will send notice of such filings to the following:

Patrick T. Wallace<br>
Laborers' Pension and Welfare Funds<br>
111 W. Jackson, Suite 1415<br>
Chicago, Illinois 60604

                                                          /s/ Todd A. Miller
                                                         Attorney for Defendant

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841